COPY



EXHIBIT A

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **RYAN DUNN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. _____ |
| v. ) | **JURY DEMANDED** |
| ) | |
| **HT NASHVILLE, LLC,** and ) | |
| **T.C. RESTAURANT GROUP, LLC,** d/b/a ) | |
| **LUKE'S 32 BRIDGE,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Ryan Dunn, by and through his counsel, and for his cause of action, hereby sues Defendants HT Nashville, LLC, and T.C. Restaurant Group, LLC, d/b/a Luke's 32 Bridge, and states the following grounds for his cause of action:

## THE PARTIES

1. Plaintiff Ryan Dunn is a resident and citizen of Charlotte, Dickson County, Tennessee.

2. This civil action is a premises liability complaint for personal injuries suffered by Ryan Dunn on or about February 18, 2024, at Luke's 32 Bridge located at 301 Broadway, Nashville, Tennessee 37201 (the "Subject Premises").

3. Upon information and belief, Defendant HT Nashville, LLC, owned and/or operated and/or was responsible for the Subject Premises at all times relevant to the claims contained herein.

4. Defendant HT Nashville, LLC, is an active limited liability company conducting business in Tennessee and which was responsible for safely operating the Subject Premises at all

1

times relevant to the matters alleged herein. Defendant HT Nashville, LLC, may be served with service of process through its registered agent: C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

5. Upon information and belief, T.C. Restaurant Group, LLC, d/b/a Luke's 32 Bridge, owned and/or operated and/or was responsible for the Subject Premises at all times relevant to the claims contained herein.

6. Defendant T.C. Restaurant Group, LLC, d/b/a Luke's 32 Bridge is an active limited liability company conducting business in Tennessee and which was responsible for safely operating the Subject Premises at all times relevant to the matters alleged herein. Defendant T.C. Restaurant Group, LLC, may be served with service of process through its registered agent: C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

7. Defendants HT Nashville, LLC, and T.C. Restaurant Group, LLC, d/b/a Luke's 32 Bridge, shall hereinafter collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

8. This action arises out of a slip and fall incident that occurred in Davidson County, Tennessee.

9. Venue is properly situated in Davidson County, Tennessee pursuant to T.C.A. § 20-4-101.

10. This Court has jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101.

11. Jurisdiction and venue are proper in this Court.

## FACTS

12. Upon information and belief, Defendants owned and operated the Subject Premises at all times relevant to the matters alleged herein.

13. Upon information and belief, Defendants were responsible for caring for the Subject Premises at all times relevant to the matters alleged herein.

14. Upon information and belief, Defendants were responsible for maintaining the Subject Premises at all times relevant to the matters alleged herein.

15. Upon information and belief, Defendants were responsible for inspecting the Subject Premises at all times relevant to the matters alleged herein.

16. Upon information and belief, Defendants were responsible for cleaning the Subject Premises at all times relevant to the matters alleged herein.

17. Upon information and belief, Defendants were responsible for keeping the Subject Premises and its guests reasonably safe at all times relevant to the matters alleged herein.

18. Other than Defendants, no other person or entity was responsible for the care, operation, maintenance, inspection, cleaning, and safe upkeep of the Subject Premises at all times relevant to the matters alleged herein.

19. Upon information and belief, the individuals responsible for operating, maintaining, cleaning, and keeping the Subject Premises safe were employees, agents (actual and/or apparent), or both, of the Defendants.

20. On or about February 18, 2024, Plaintiff Ryan Dunn was lawfully on the Subject Premises as a customer of Luke's 32 Bridge.

21. On or about February 18, 2024, as Plaintiff Ryan Dunn was walking in the rooftop of Luke's 32 Bridge on the Subject Premises when his foot suddenly and unexpectedly slipped on

an unknown liquid on the floor of the Subject Premises that had frozen due to the temperature, which caused him to slip and fall, severely injuring himself.

22. The slippery frozen liquid which caused Plaintiff Ryan Dunn to fall was a dangerous condition on the Subject Premises.

23. There were no caution signs or any warning present whatsoever at the area where Plaintiff Ryan Dunn fell that there was a dangerous condition or slippery frozen liquid present.

24. Plaintiff Ryan Dunn suffered injuries when he slipped and fell, to include but not limited to significant and severe injury to his right tibia and fibula, which required surgical repair, placement of hardware, and significant post-operative care.

25. Upon information and belief, the Defendants had exclusive control over the area where Mr. Dunn fell.

26. At all times relevant to the matters alleged herein, the slippery frozen liquid on the floor of the Subject Premises where Plaintiff Ryan Dunn slipped and fell was in an unreasonably dangerous condition.

27. As the owner(s), operator(s) manager(s) and controller(s) of the Subject Premises, the Defendants owed a duty of reasonable care to protect Mr. Dunn from unreasonable risks of harm and/or to warn him of the existence of dangerous conditions on their premises so that he could avoid injury.

28. Defendants owed a duty to operate, care for, inspect, maintain, clean, manage, and keep safe its Subject Premises so as to keep the Premises in a reasonably safe condition to prevent injuries to its customers and/or warn its customers so that they could avoid injury.

29. The unreasonably dangerous condition of the floor where Plaintiff Ryan Dunn slipped and fell was caused by the negligent operation and/or inspection and/or care and/or

COPY

maintenance and/or cleaning and/or upkeep of the Subject Premises by the Defendants acting through their employees, agents, or both.

30. The Defendants created the unreasonably dangerous condition that caused Ryan Dunn to fall and be injured by placing or spilling the slippery liquid on the floor and/or by negligently failing to maintain the Subject Premises and/or by negligently failing to warn of the dangerous condition on the Subject Premises.

31. Additionally and/or in the alternative, Defendants had actual and/or constructive notice of the dangerous condition as the condition existed for such a duration and in a common area that it should have been discovered and removed through the exercise of reasonable care before Ryan Dunn fell and injured himself.

32. Additionally and/or in the alternative, the slippery frozen liquid was in an area where it should have been discovered and/or was known to Defendants to be a common occurrence.

33. At all times relevant to the matters alleged herein, Defendants owed a duty of reasonable care to adequately and appropriately hire, train, retain and supervise their employees and agents to ensure that their employees' and/or agents' acts and/or omissions did not cause harm to its customers.

## CAUSE OF ACTION – NEGLIGENCE

34. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs above, as if fully set forth herein.

35. Defendants breached their duty of care by failing to appropriately operate, care for, maintain, inspect, clean, and/or keep the area where Mr. Dunn fell safe before he fell and/or by

COPY

failing to warn Mr. Dunn of the dangerous condition thereby exposing him to an unreasonable risk of harm.

36. As a result of Defendants' breaches of their duties of reasonable care, Mr. Dunn suffered injuries and damages.

37. Defendants' are vicariously liable under the doctrine of *respondeat superior* for the acts and omissions of their employees, agents (actual and/or apparent), and/or representatives who were negligent in carrying out their duties, inspecting the area, maintaining the area, observing the area, cleaning the area, keeping the area safe, and failing to warn Mr. Dunn of the slippery frozen liquid.

38. All of the Defendants' employees, agents (actual and/or apparent), and/or representatives who were responsible for inspecting the area, maintaining the area, observing the area, cleaning the area, keeping the area safe, and warning of any dangerous condition in the area where Mr. Dunn fell, were working within the course and scope of their employment and/or agency with the Defendants at all times relevant to the matters herein.

39. The Defendants, by and through their employees, agents (actual and/or apparent), or both, were negligent in the failing to act with ordinary and reasonable care including, but to be limited to, negligently:

    a. failing to maintain the Subject Premises in a reasonably safe condition;

    b. allowing a dangerous condition to exist on the floor of the Subject Premises when Defendants knew, or in the exercise of reasonable care should have known, the unknown slippery frozen liquid on the floor created an unreasonable risk of harm to those walking in the rooftop area;

    c. creating the dangerous condition on the Subject Premises floor that caused Plaintiff Ryan Dunn to slip and fall;

    d. failing to remedy the dangerous condition on the Subject Premises floor that caused Plaintiff Ryan Dunn to slip and fall;

    e. failing to warn Plaintiff Ryan Dunn of the dangerous condition on the Subject Premises floor; and

    f. failing to otherwise exercise reasonable care with respect to the matters alleged herein.

40. Plaintiff Ryan Dunn has suffered physical and emotional injuries, and economic and non-economic damages, as a direct, proximate, and legal result of Defendants' negligence.

## DAMAGES

41. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs above, as if fully set forth herein.

42. As a direct, proximate, and legal result of the negligence of the Defendants and their employees, agents, and/or representatives, Plaintiff Ryan Dunn suffered serious, disabling, painful, and permanent bodily injuries which would not have otherwise occurred absent Defendants' negligence and which required Mr. Dunn to undergo reasonable and necessary medical care and treatment, including but not limited to: an open reduction and internal fixation of the right tibia and subsequent post-operative care.

43. As a direct, proximate, and legal result of the negligence of the Defendants, the Plaintiff is entitled to damages and seeks all recoverable damages arising out of his injuries, including but not limited to the following specific items of damages:

    a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Medical and other health care expenses, both past and future;

d. Lost wages and lost earning capacity;

e. Loss of enjoyment of life, both past and future; and

f. Permanent injury.

44. Plaintiff Ryan Dunn seeks all recoverable damages allowed under Tennessee law.

### PRAYER FOR RELIEF

WHEREFORE, Ryan Dunn prays for the following relief:

1. That this matter be tried before a jury of twelve;

2. That he be awarded compensatory damages by the jury against the Defendants in an amount of ONE MILLION DOLLARS ($1,000,000.00);

3. For all other general and special damages to be found to be caused by the conduct of the Defendants;

4. For costs of this matter to be taxed to the Defendants;

5. That he be awarded all discretionary costs and post-judgment interest as allowed by law; and

6. For all other relief to which the Plaintiff may be entitled by law and equity.

COPY

Respectfully submitted,

*signature*

Jenney S. Keaty (BPR# 027554)
**Morgan & Morgan – Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
jkeaty@forthepeople.com
Phone: (615) 986-6235
Fax: (615) 514-4196
*Counsel for Plaintiff*

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

Service ID 481584

| | |
|---|---|
| RYAN DUNN<br><br>                                Plaintiff<br>vs.<br><br>TC RESTAURANT GROUP LLC D/B/A LUKES 32 BRIDGE<br>CT CORPORATE SERVICE<br>300 MONTVUE ROAD<br>KNOXVILLE, TN 37919<br><br>                                Defendant | CIVIL ACTION<br>DOCKET NO. 24C3086<br>Method of Service:<br>Certified Mail |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 12/20/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: /s/ SWh

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JENNEY KEATY
810 BROADWAY, STE 105
NASHVILLE, TN 37203

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

**CERTIFICATION**

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

JOSEPH P. DAY, CLERK

By: /s/ SWh                    D.C.

Case 3:25-cv-00074   Document 1-1   Filed 01/21/25   Page 10 of 17 PageID #: 15
To request an ADA accommodation, please contact Trey Collier at (615) 880-3309
rev. 09/01/2022

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

Service ID 481584

RYAN DUNN

Plaintiff

vs.

TC RESTAURANT GROUP LLC D/B/A LUKES 32 BRIDGE
CT CORPORATE SERVICE
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 24C3086
Method of Service:
 Certified Mail

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C3086 to the Defendant, TC RESTAURANT GROUP LLC D/B/A LUKES 32 BRIDGE . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

Service ID 481585

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

| | |
|---|---|
| RYAN DUNN <br><br> Plaintiff <br><br> vs. <br><br> HT NASHVILLE, LLC <br> CORPORATION SERVICE COMPANY <br> 300 MONTVUE ROAD <br> KNOXVILLE, TN 37919 <br><br> Defendant | CIVIL ACTION <br> DOCKET NO. 24C3086 <br> Method of Service: <br> Certified Mail |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 12/20/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JENNEY KEATY
810 BROADWAY, STE 105
NASHVILLE, TN 37203

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION**

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

JOSEPH P. DAY, CLERK

By: _____  D.C.

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

Service ID 481585

RYAN DUNN

Plaintiff

vs.

HT NASHVILLE, LLC
CORPORATION SERVICE COMPANY
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 24C3086
Method of Service:
Certified Mail

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C3086 to the Defendant, HT NASHVILLE, LLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

# IN THE FIRST CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

**RYAN DUNN,**

    **Plaintiff,**

**vs.**                                               **No.: 24C3086**
                                                               **JURY DEMAND (12)**

**HT NASHVILLE, LLC and T.C.**
**RESTAURANT GROUP, LLC d/b/a**
**LUKE'S 32 BRIDGE,**

    **Defendants.**

## NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

TO:     Joseph P. Day
            Davidson County Circuit Court Clerk
            1 Pubic Square, Suite 302
            Nashville, TN 37201

Please take notice that counsel of Defendants, pursuant to 28 U.S.C. § 1441, *et seq.*, is today filing in the United States District Court for the Middle District of Tennessee, a Notice of Removal of the above-captioned cause of action from the Davidson County Circuit Court to the United States District Court for the Middle District of Tennessee. A copy of the Notice of Removal is attached as <u>Exhibit 1</u>. The basis for removal of this cause of action is diversity jurisdiction and to show that both H.T. Nashville and T.C. Restaurant Group are both Ohio based LLCs and they each have one member, Adam Hesler, which is an Ohio resident. This places the original jurisdiction over this matter in District Court. Pursuant to 28 U.S.C. § 1441(d), the Circuit Court for Davidson County shall proceed no further on this case unless and until the case is remanded by the United States District Court for the Middle District of Tennessee.

Page **1** of **4**

Please promptly acknowledge receipt and filing of this Notice and the copy of the Notice of Removal in your office by completing and signing the Acknowledgement found at the bottom of this Notice, an extra copy of which is enclosed for this purpose, with the request that it be returned when signed.

## ACKNOWLEDGEMENT

I, Joseph P. Day, Circuit Court Clerk of Davidson County, Tennessee, do hereby acknowledge receipt of the above Notice and papers referred to therein, and certify that I have on the date and hour below stated, filed the said copy of the Notice to Remove this cause to the United States District Court at Nashville, Tennessee, this _____ day of _____, 2025.

_____
CIRCUIT COURT CLERK
Davidson County, Tennessee

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE LLC

_____
J. PAUL BREWER, 025289
JASMYN A. McCALLA, 037897
Post Office Box 2949
120 Brentwood Commons Way, Suite 625 (37027)
Brentwood, Tennessee 37024
Phone: (615) 499-7279
Facsimile: (615) 523-1496
Email:   paul.brewer@mgclaw.com
            jasmyn.vaughn@mgclaw.com

ATTORNEYS FOR HT NASHVILLE, LLC and T.C. RESTAURANT GROUP

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

> Jenney S. Keaty
> Morgan & Morgan - Nashville, PLLC
> 810 Broadway, Suite 105
> Nashville, Tennessee 37203
> Email: jkeaty@forthepeople.com
> Attorney for Ryan Dunn

This the 21st day of January, 2025.

                                              J. PAUL BREWER